**Sharon Inez PHELAN, Appellant,**

v.

**Richard Baccus TAYLOR, Appellee.**

**No. 18598.**

Court of Appeals of Texas,
Fort Worth.

Feb. 4, 1982.

Cleatus M. Phelan, McKinney, for appellant.

Ken R. Davey, P. C., and Tim B. Rhatican, Dallas, Jerry Garrett, Denton, for appellee.

Before MASSEY, C. J., and SPURLOCK and HOLMAN, JJ.

OPINION

MASSEY, Chief Justice.

In 1975 Sharon Inez Taylor was granted a divorce from Richard Baccus Taylor and

made managing conservator of their child, Rickey Baccus Taylor, then 10 years old. For his portion of expense of support for the child the father was ordered to pay $120.00 per month.

After the parties were divorced the mother remarried, with her name being changed to Sharon Inez Phelan. In June of 1980 these parties reached agreement that the father be made managing conservator of the child in the place and stead of the mother. An order in accord was rendered by the court and in said order the obligation of the original judgment that the father pay the above amount was eliminated, with language of the order silent concerning any amount for support of the child by either party.

In February of 1981 the father filed petition to change the order of June, 1980; that as modified the court decree be that the mother should contribute $175.00 per month for the purpose of support of the parties's child until he should reach the age of 18 years or should otherwise be emancipated. April 6, 1981, following hearing upon this petition, the court signed an order setting the amount the mother pay at $175.00 per month beginning May 1, 1981 as her contribution to the necessary support of the child, then 15 years of age. Therefrom the mother has appealed.

We affirm the judgment.

The mother's appeal is predicated upon contention that there was error in the decree of April 6, 1981 because (1) the uncontroverted evidence established her inability to pay the support ordered and (2) that there was no evidence of material and substantial change of circumstance affecting the child or other persons affected by the order.

■ Uncontradicted was testimony of the father that at the time of the agreed modification in June of 1980 he had been accustomed to paying the mother $150.00 per month for his part of the maintenance of their child. (Apparently this was by agreement for there was nothing indicating obligation greater than the original $120.00 per month ordered to be paid.) The father also testified that at the time of the agreed modification order in June of 1980 the mother had stated to him that she did not have a fixed salary but would pay "what she could" in contribution to the support of the child. Thereafter the mother failed to contribute though requested by him to do so.

In her own testimony the mother stated that when the 1980 change of custody was discussed she had objected to any provision by decree for any amount to be paid by her, but that she had indicated to the father that she would do what she could, such as buying clothing. In 1976 she married the attorney who represented her on the hearing from decree in which there was the instant appeal. She formerly worked as deputy County Clerk but she had begun to work for the attorney by the time of the decree on agreed change of custody. Prior to 1980 both the father and the mother had remarried, both to spouses with children in residence.

Though the mother was not paid a salary for her work as secretary in her husband's law office, undisputed evidence was to effect that appropriate salary for work such as she performed would be between $800.00 and $1,000.00 per month. Furthermore shown was that the community income of the mother and her husband was $25,000.00 for preceding tax-year. The evidence received on trial was sufficient to justify the trial court to find the mother had ability to pay the amount ordered; certainly it could not be said that there was uncontroverted evidence of her inability to do so.

■ The question of whether there was evidence of a material and substantial change of circumstance affecting the child or other persons is somewhat more troublesome. Though, by agreement, the father had been contributing $150.00 per month before he obtained custody, the last court order prior thereto (the original divorce decree) was that he should contribute $120.00 per month. The assumption is that a parent without custody, or the possessory conservator, make his (or her) contribution in

**854**

cash alone, while the parent in whom the custody is lodged makes her (or his) contribution in service, supplying housing and maintenance, etc., plus an additional amount in cash. Transfer of custody as made in this case could not be said to have saved the father $120.00 or even $150.00 per month for thereafter he supplied housing and maintenance like unto that which the mother had therefore provided, plus amounts in cash for the needs of a 15 year old boy in his association with his peers.

Here the value in dollars of that supplied by the father after change of custody was not shown. What was shown, however, was that the housing; maintenance, etc. supplied by him was equivalent to that which was earlier supplied by the mother, but with no cash aid from the mother equivalent to that $150.00 per month admittedly being received by her for support prior to change. The evidence thereon was sufficient for trial court fix a date from which change of circumstances might be a subject of test for propriety of increase in support from the out-of-custody (here the mother) from $150.00 per month to the $175.00 per month ordered. We cannot use as part of our test thereof the period between the agreed change of custody and the February, 1981 date the father filed his application to have the mother pay $175.00, though we do believe that the period thereafter—to date of May 1, 1981 when the court ordered payment by the mother to begun (per order of April 6, 1981)—can be used as part of the test.

The trial court was entitled to take judicial notice of inflation and its affect on the cost of living, and of the needs of the child at and after he became 15, he being a healthy, active, and growing boy at an age when it is usual to occur a rather pronounced increase in maintenance expense. In essence we hold that the evidence was sufficient to support the finding that there was a material and substantial change of circumstances warranting the order that the mother pay $175.00 as her contribution to his support.

Judgment is affirmed.